# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FIRST AMERICAN TITLE INSURANCE COMPANY,

        Plaintiff,

vs.

LORI ALLEN-COOK, et al.,

        Defendants.

Case No. 2:16-cv-01272-GMN-CWH

**REPORT AND RECOMMENDATION**

Presently before the court is Defendants J. Scott MacDonald ("MacDonald") and MacDonald & Associates, Ltd.'s ("M&A") Motion for Determination of Good Faith Settlement (ECF No. 30), filed on February 27, 2017. The court ordered supplemental briefing on this motion, which was filed on March 23, 2017. (Order (ECF No. 32); Supp. Briefing (ECF Nos. 33, 34).) Plaintiff First American Title Insurance Company ("First American") does not oppose the motion. (Notice of Non-Opp'n (ECF No. 31).)[1]

The parties are familiar with the facts of the case and the court will repeat them only as necessary.[2] This cases arises out of a real estate transaction involving property located at 5302 Mountain Foliage Drive in Las Vegas, Nevada. The property, which was encumbered by two deeds of trust, was purchased in a short sale transaction in 2013. Title to the property was transferred to the buyer although the banks holding the deeds of trust were not paid. The property was sold again in late 2013. The bank holding the first deed of trust subsequently began foreclosure proceedings.

---

[1] After the motion for determination of good-faith settlement was fully briefed, non-party Fidelity National Title Insurance Company moved to intervene (ECF No. 36) in this case. The court will enter a separate order on Fidelity's motion to intervene.

[2] These facts are drawn from the complaint (ECF No. 1) and Defendants' supplemental briefing (ECF Nos. 33, 34) in support of their motion for determination of good faith settlement.

First American, which issued a title insurance policy in connection with the second sale, ultimately paid a title insurance claim related to the outstanding encumbrances. First American subsequently brought this case alleging subrogation claims based on theories of negligence, among others, against M&A, MacDonald,[3] Lori Allen-Cook,[4] Spencer Judd, MacDonald & Judd, Ltd., and Nevada Short Sale Services, LLC,[5] who were involved in the short sale transaction.

This is not the only case against MacDonald and M&A related to short-sale activities. Wells Fargo sued MacDonald, M&A, and Ms. Allen-Cook in a separate state court case. The state court case was jointly mediated with this case with a private mediator, resulting in a combined settlement that implicates the policy limits of M&A's applicable insurance policy. MacDonald and M&A now seek a determination that their settlement with First American in this case is made in good faith under Nevada Revised Statutes § 17.245(1)(b) and in satisfaction of the factors set forth in *In re MGM Grand Hotel Fire Litigation*, 570 F. Supp. 913 (D. Nev. 1983).

Section 17.245 states in relevant part:

> When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
> . . .
> (b) It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor.

Nev. Rev. Stat. § 17.245(1). Equitable indemnity is "a right of indemnity that is created by the court rather than expressly provided for in a written agreement." *Id.* at § 17.245(2). The purpose of the statute is "to encourage settlements by discharging all liability for contribution by a settling

---

[3] M&A is a law firm that performed services in connection with real estate short sales. MacDonald is an attorney.

[4] Defendant Lori Allen-Cook's answer (ECF No. 15) was stricken. (Mins. of Proceedings (ECF No. 26).) Ms. Allen-Cook filed a notice of bankruptcy. (Notice (ECF No. 20).) The claims against Ms. Allen-Cook were not settled at the mediation. (Mot. for Determination of Good-Faith Settlement (ECF No. 30) at 2.)

[5] Defendants Spencer Judd, MacDonald & Judd, Ltd., and Nevada Short Sale Services, LLC have not appeared in this case.

tortfeasor to others upon a finding that the settlement was entered in 'good faith.'" *In re MGM Grand Hotel Fire Litig.*, 570 F. Supp. 913, 926-27 (D. Nev. 1983). The statute also protects non-settling defendants "because the non-settling defendant receives a credit in the amount contributed by the settling defendant in any subsequent verdict against that defendant." *Id.* at 927; Nev. Rev. Stat. § 17.245(1).

It is within the court's discretion "to consider the fairness and overall appropriateness of the proposed settlement" under § 17.245. *Duk v. MGM Grand Hotel, Inc.*, 320 F.3d 1052, 1060 (9th Cir. 2003). Factors to be considered by the court in making this assessment include "the amount paid in settlement, the allocation of the settlement proceeds among plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling defendants, and the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *Otak Nevada, LLC v. Eighth Jud. Dist.* Ct., 312 P.3d 491, 496 (Nev. 2013); *In re MGM Grand Hotel Fire Litig.*, 570 F. Supp. at 927.

Having reviewed and considered the parties' arguments, and weighing the *In re MGM Grand Hotel Fire Litigation* factors, the court in its discretion makes the following findings and recommendations:

1. The amount paid (which the court has reviewed in camera) in settlement of all claims asserted by First American in this case, except for the claims against Ms. Allen-Cook, is more than half of the amount claimed by First American. This is a case where M&A has denied all allegations of wrongdoing.

2. First American is the only plaintiff in this case, and the entire amount is being paid to First American.

3. The court has reviewed, in camera, M&A's insurance policy limits. Significantly, the insurance policy is a "burning limits" policy, meaning that defense costs erode the policy limits. Between the state court case and this case being settled, the vast majority of the policy limits are being paid towards the plaintiffs.

4. As to the financial condition of the settling defendants, the court has been informed that M&A is not a publically traded company, is not a "deep pockets" defendant, and that it was

foreseeable that if plaintiffs prevailed in their respective federal and state court cases, any eventual judgment would be uncollectible as to M&A.

5. The court finds no evidence of collusion, fraud, or tortious conduct aimed to injure the interests of the non-settling defendant, Ms. Allen-Cook, who has filed a notice of bankruptcy. The negotiations were at arm's-length. First American's attorney zealously advocated on its behalf. The settlement amount was significant. Negotiations were facilitated by retired Judge Jackie Glass. Nothing appears to have been done to injure the interests of a non-settling defendant. Rather, it appears that M&A was attempting to protect itself.

6. The court finds that the settlement is fair. A majority of the policy limits are being paid to First American on disputed claims.

IT IS THEREFORE RECOMMENDED that Defendants J. Scott MacDonald and MacDonald & Associates, Ltd.'s Motion for Determination of Good Faith Settlement (ECF No. 30) be GRANTED, thereby affording those parties the protection of Nevada Revised Statute 17.245, including but not limited to, dismissal of any claims for equitable indemnity and contribution in this matter.

IT IS FURTHER RECOMMENDED that the claims against Defendants J. Scott MacDonald and MacDonald & Associates, Ltd. be dismissed with prejudice.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 28, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**